HURWITZ, ORIHUELA & HAYES, LLP
Nicolas Orihuela (Bar No. 221898)
  no@hohlawyers.com
Douglas B. Hayes (Bar No. 232709)
  dbh@hohlawyers.com
5757 Wilshire Blvd, Suite 503
Los Angeles, California 90036
Telephone: (323) 965-2103
Facsimile: (323) 965-2146

Attorneys for Plaintiff Angela Rausch

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA RAUSCH,<br><br>            Plaintiff,<br><br>    v.<br><br>JEFFERSON B. SESSIONS,<br>ATTORNEY GENERAL OF THE<br>UNITED STATES; FORFEITURE<br>SUPPORT ASSOCIATES, LLC; and<br>DOES 1 through 20,<br><br>            Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND OTHER RELIEF:**<br><br>**(1) DISCRIMINATION (Rehabilitation Act, 29 U.S.C. § 701, *et seq.*);**<br>**(2) FAILURE TO ACCOMMODATE (Rehabilitation Act, 29 U.S.C. § 701, *et seq.*);**<br>**(3) RETALIATION / REPRISAL (Rehabilitation Act, 29 U.S.C. § 701, *et seq.*);**<br>**(4) RETALIATION OF VIOLATION OF FMLA;**<br>**(5) FAILURE TO RESTORE TO SAME OR EQUIVALENT POSITION IN VIOLATION OF FMLA;**<br>**(6) DISABILITY DISCRIMINATION IN VIOLATION OF CAL. GOV. CODE § 12940(a);**<br>**(7) FAILURE TO ACCOMMODATE DISABILITY (CAL. GOV. CODE § 12940(m), (n));**<br>**(8) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS (CAL. GOV. CODE § 12940(n);**<br>**(9) FAILURE TO REINSTATE TO SAME OR COMPARABLE POSITION IN VIOLATION OF CALIFORNIA GOV. CODE §** |



12945.2;
(10) **RETALIATION IN VIOLATION OF CALIFORNIA GOV. CODE § 12945.2 AND 2 C.C.R. § 11094;**
(11) **RETALIATION IN VIOLATION OF CALIFORNIA GOV. CODE § 12940(h) AND (m)(2);**
(12) **FAILURE TO PREVENT DISCRIMINATION (CAL. GOV. CODE § 12940(k);**
(13) **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; AND**
(14) **DECLARATORY RELIEF.**

**DEMAND FOR JURY TRIAL**

Plaintiff Angela Rausch ("Plaintiff" or "Ms. Rausch"), demanding a jury trial, brings this action against Jefferson B. Sessions, in his capacity as Attorney General of the United States of America, Forfeiture Support Associates, LLC and DOES 1 through 20 inclusive, inclusive, for general, compensatory, and statutory damages, costs and attorney's fees, and for declaratory and injunctive relief, resulting from their unlawful and tortious conduct, and as grounds therefore alleges as follows:

**JURISDICTION AND VENUE**

1.      This action arises under the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*

2.      This action also arises under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*

3.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 2617, 28 U.S.C. § 1343(a)(4), 29 U.S.C. § 701 *et seq.*, and as incorporated therein, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. § 12201-12204 and 12210, 42 U.S.C. § 2000e-16, 42 U.S.C. § 2000e-5(f) through (k), and 28 U.S.C. §§ 2201 and 2202.

This suit is authorized and instituted pursuant to the Rehabilitation Act and other federal statutes.  The jurisdiction of this Court is invoked to secure protection of and to redress deprivation of rights secured by the Rehabilitation Act.

4.     Plaintiff also brings her complaint under federal diversity jurisdiction, 28 U.S.C. 1332, as Plaintiff and Defendant Forfeiture Support Associates, LLC ("FSA") are completely diverse in citizenship and the amount in controversy exceeds $75,000, as Plaintiff's loss of wages exceed this amount.  At all times material, FSA, was and continues to be a Delaware corporation, authorized to conduct business and conducting business in the State of California, with its principal place of business located at 20110 Ashbrook Pl, Suite 220, Ashburn, Virginia 20147.

5.     The Court also has supplemental jurisdiction over the state law claims and FSA pursuant to 28 U.S.C. § 1367.

6.     Venue is proper in the Central District pursuant to 29 U.S.C. § 794a and 42 U.S.C. § 2000e-5(f).  Venue is also proper because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  Venue of this action is proper pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1391.

## ADMINISTRATIVE PROCEDURES

7.     Plaintiff filed a Formal Complaint of Discrimination on or about September 9, 2016, with the United States Department of Justice ("DOJ" or "The Agency"), alleging disability (mental) discrimination and reprisal, among other things.  The Agency commenced an investigation and had until June 6, 2017 to complete an investigation – initially an investigation was to be completed by March 8, 2017, but the parties mutually agreed to extend the deadline to complete an investigation by 90 days pursuant to 29 C.F.R. § 1614.108.  More than 180 days have elapsed since the Formal Complaint was filed, and no Report of Investigation has been issued, an appeal has not been filed, and a final action / decision has not

1   been taken.  Within the time provided by law, Ms. Rausch also filed a complaint

2   with the California Department of Fair Employment and Housing, in full

3   compliance with these sections, and received the right-to-sue letter regarding her

4   claims against FSA.  Plaintiff has thus exhausted all administrative remedies and

5   procedures.

6

7                                   **PARTIES**

8        8.     Plaintiff resides and is domiciled in the County of Los Angeles, and is a

9   citizen of California.  Plaintiff is, and at all relevant times was, an individual with a

10  disability, including having Post Traumatic Stress Disorder ("PTSD"), depression,

11  anxiety, and other related condition, which she has been diagnosed with for many

12  years, and therefore, is member of a protected class under the Rehabilitation Act and

13  other applicable law.

14       9.     At all times material to this Complaint, Plaintiff worked as a Records

15  Examiner / Analyst with the Federal Bureau of Investigation ("FBI") in the Orange

16  County Resident Agency.  The FBI is a component of the U.S. Department of

17  Justice ("DOJ").  The DOJ is a Department of the Executive Branch of the U.S.

18  government and an agency within the meaning of 5 U.S.C. § 552(f)(1).  The FBI

19  and DOJ are headquartered in Washington, D.C. and have field offices throughout

20  the country, including the cities of Los Angeles and Orange.  Defendant Jefferson B.

21  Sessions is the current Attorney General of the United States of America.

22       10.    Plaintiff is informed and believes, and based thereon alleges, that

23  Defendant FSA is a limited liability company under Delaware law and has its

24  principal place of business in the State of Virginia.

25       11.    Plaintiff alleges that she was a joint employee of FSA and the FBI /

26  DOJ; in other words, FSA and FBI / DOJ were joint employers.  Plaintiff was

27  supervised and provided work assignments by her FBI supervisor and other FBI

28  employees.  Plaintiff worked at the FBI Orange County Resident Agency, and the

1  FBI provided Plaintiff's workspace and equipment.  She had unescorted access to

2  the facility, and had a top secret security clearance through FSA.  The FBI also

3  provided the complainant training specifically for her job.  Because the FBI

4  controlled the means and manner of Plaintiff's performance, directly supervised her

5  and provided her assignments, provided the work space and equipment, and granted

6  her unescorted access to do her job, the FBI / DOJ is a joint employer with FSA.

7

8  **FACTUAL ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION**

9      12.    Ms. Rausch was in the position of Records Examiner Analyst with FSA

10  since December 2009, serving as a contract employee with the FBI in the Orange

11  County Resident Agency (RA).  Ms. Rausch served as a support employee for the

12  Asset Forfeiture Program, working with Paralegal Specialist Judy Scott ("Scott").

13  Supervisory Special Agent Frank Bernal ("SSA Bernal") served as her direct

14  Supervisor while at the FBI.  Supervisor Steve Hooten ("Hooten") was her offsite

15  supervisor with FSA.  SSA Bernal was responsible for grading Plaintiff's work

16  performance and Hooten would review it with her.  Her work performance was at or

17  above standard while working at the FBI.

18      13.    Mr. Rausch is a U.S Army Veteran.  In approximately 2011, she was

19  diagnosed with Post Traumatic Stress Disorder, Major Depressive Disorder and

20  Anxiety Disorder, and related conditions – disabilities.

21      14.    Mr. Rausch's job while working at the FBI included processing cases

22  from assets being seized.  Although she needed a leave of absence or time off here

23  and there, she could perform the essential functions of her job duties.  Her disability

24  did create a limitation which caused her to request a reasonable accommodation that

25  included an accommodation to take a leave of absence and a leave of absence under

26  the Family Medical Leave Act (FMLA) from mid March 2016 to June 13, 2016.

27  Ms. Rausch requested the reasonable accommodation because of her disabilities and

28  conditions.

COMPLAINT

15.     On or about February 24, 2016, Ms. Rausch advised Hooten that she was diagnosed with PTSD and one to two weeks later, she informed SSA Frank Bernal.  While she did not directly inform Scott about her mental disability, Ms. Rausch is informed and believes, and on that basis, alleges that that Scott was aware of Ms. Rausch's disability.

16.     On or about February 24, 2016, Ms. Rausch informed Hooten she could not go to work due to her mental disability.  Upon her return, Hooten threatened Ms. Rausch by telling her that she would not be able to keep her job and he reprimanded her.  He later said that Ms. Rausch was not stressed, but instead, that her "perception was off."  Ms. Rausch did not respond to Hooten's statement because she was shocked that he would say something like that to her.  Around March of 2016, Ms. Rausch submitted paperwork to the Human Resources with FSA, requesting a reasonable accommodation by allowing her to take a leave of absence / FMLA leave from mid-March 2016 until June 13, 2016 and it was approved.

17.     Ms. Rausch took a leave of absence from around mid-March to about June 13, 2016.  Ms. Rausch was scheduled to return to work from the leave of absence on or about June 13, 2016.  On June 10, 2016, Hooten advised Ms. Rausch that she was being removed from her position as a Records Examiner/Analyst in the Forfeiture and Seized Property Unit.  When she asked Hooten what she had done wrong, Hooten informed Ms. Rausch that the FBI did not want her to return to the Orange County RA, based on recommendations by SSA Bernal and Scott.  Ms. Rauch was removed, terminated and fired from the position as a Records Examiner/Analyst, in retaliation for having requested and taken a leave of absence and FMLA as a reasonable accommodation due to having a mental disability, and because of Ms. Rausch's disabilities.

18.     Ms. Rausch has worked with Scott for seven years and over the years, Ms. Scott would often make harassing comments about Ms. Rausch to other employees.  Starting in 2010, Ms. Rausch would overhear Scott talking about Ms.

Rausch over the phone to other unknown persons.   In 2010, Ms. Rausch reported Scott to SSA Bernal.  SSA Bernal apologized on behalf of Scott and said he would talk with her.  Although Scott stopped the harassing conduct for awhile, she would eventually start making harassing comments about me again.  In 2011, I made a request to SSA Barnel that my desk be moved away from Scott to get away from her and it was granted.

19.   In 2009, Scott and Ms. Rausch discussed schools in the Chino Hills district that could serve Ms. Rausch's son's needs to be tested for attention deficit disorder.  She and Ms. Rausch would often discuss Ms. Rausch's son's disability.  On unspecified dates, Scott made harassing comments to other unknown persons over the phone such as "there is something wrong with her son" and/or "he has problems in school."

20.   During the time period of mid-March 2016 to June 2016, Scott said about me to co-workers at the FBI: "I hope she is replaced," "she needs to be replaced" and "hopefully she doesn't come back."  Subsequent to June 10, 2016, Scott referred to Ms. Rausch as a "nut case" to another employee, Linda Scott.  Also, after June 10, 2016, Scott told others about Ms. Rausch that "she is trying to say she has PTSD from the Army."

21.   On unspecified dates, Ms. Rausch heard Scott on the phone talking to unknown persons, referring to Ms. Rausch as "useless" and she does not know why Ms. Rausch comes to work.

22.   Eventually, FSA terminated the employment of Ms. Rausch effective July 13, 2016.  Since then, FSA has not provided additional work to Ms. Rausch, has not assigned her to a new job, and has denied her employment.

# FIRST CAUSE OF ACTION

## (Violation of 29 U.S.C. § 701, *et seq.* - Rehabilitation Act –
## Disability Discrimination)

### [Against Jefferson B. Sessions and Does 1 through 10]

23.    As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth here, excepting those allegations which are inconsistent with this cause of action.

24.    At all relevant times herein Plaintiff was a disabled person who was otherwise qualified to perform the essential functions of her job with or without reasonable accommodation.  In violation of 29 U.S.C. § 701, *et seq.*, Defendants and/or their agents/employees discriminated against Plaintiff because of her disabilities and/or because of her perceived disabilities.

25.    As a direct and proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff suffered adverse employment actions, and has sustained and continues to sustain substantial losses in earnings and other employment benefits, in amounts to be proven at trial.

26.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has sustained and continues to sustain physical injuries, pain and suffering, and severe mental anguish and emotional distress; Plaintiff has incurred and will continue to incur medical expenses for treatment, and for incidental medical expenses; and Plaintiff has suffered and continued to suffer a loss of earnings and other employment benefits.  Plaintiff is thereby entitled to general and compensatory damages in amounts as prayed below and to be proven at trial.  Wherefore Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION

**(Violation of 29 U.S.C. § 701, *et seq.* - Rehabilitation Act -**

**Failure to Accommodate)**

**[Against Jefferson B. Sessions and Does 1 through 10]**

27. As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth here, excepting those allegations which are inconsistent with this cause of action.

28. At all relevant times herein Plaintiff was a disabled person who was otherwise qualified to perform the essential functions of her job with or without reasonable accommodation. In violation of 29 U.S.C. § 701, *et seq.*, Defendants and/or their agents/employees, failed to accommodate Plaintiff as required by law. Defendants' failure to accommodate Plaintiff is a continuing violation.

29. As a direct and proximate result of Defendants' willful, knowing, and intentional failure to accommodate Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

30. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has sustained and continues to sustain physical injuries, pain and suffering, and extreme and severe mental anguish and emotional distress; Plaintiff has incurred and will continue to incur medical expenses for treatment, and for incidental medical expenses; and Plaintiff has suffered and continued to suffer a loss of earnings and other employment benefits. Plaintiff is thereby entitled to general and compensatory damages in amounts as prayed below and to be proven at trial. Wherefore Plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION

**(Violation of 29 U.S.C. § 701, *et seq.* - Rehabilitation Act - Retaliation/Reprisal)**

**[Against Jefferson B. Sessions and Does 1 through 10]**

31.     As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

32.     At all relevant times herein and in violation of 29 U.S.C. § 701, *et seq.*, Defendants and/or their agents/employees, retaliated against Plaintiff by adversely affecting Plaintiff's employment and retaliating against her after She asked for reasonable accommodations, requested and took a leave of absence, and otherwise engaged in a protected activity.  The conduct alleged herein constitutes a continuing violation of Plaintiff's legal rights.

33.     As a direct and proximate result of Defendants' willful, knowing, and intentional retaliation against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

34.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has sustained and continues to sustain physical injuries, pain and suffering, and extreme and severe mental anguish and emotional distress; Plaintiff has incurred and will continue to incur medical expenses for treatment, and for incidental medical expenses; and Plaintiff has suffered and continued to suffer a loss of earnings and other employment benefits.  Plaintiff is thereby entitled to general and compensatory damages in amounts as prayed below and to be proven at trial. Wherefore Plaintiff prays for relief as set forth below.

# FOURTH CAUSE OF ACTION

## (Violation of FMLA [29 U.S.C. § 2615(a)] – Retaliation)

### [Against all Defendants]

35.     As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

36.     Plaintiff is informed and believes, and on that basis alleges, that Defendants qualify as an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4), and that Plaintiff is an "eligible employee" as that term is defined in the FMLA, 29 U.S.C. § 2611(2).

37.     Plaintiff is informed and believes, and on that basis alleges, that there was an "entitlement to leave" as defined in the FMLA, 29 U.S.C. § 2612.

38.     Plaintiff is informed and believes, and on that basis alleges, that Plaintiff was entitled to restoration to her position as described in the FMLA, 29 U.S.C. § 2614, and that Plaintiff was denied restoration to the same or equivalent position as prescribed in FMLA.

39.     Plaintiff is informed and believes and on that basis alleges that Defendants are responsible under the FMLA, 29 U.S.C. § 2617(a).

40.     As the result of the termination, failure to reinstate, and other adverse employment actions taken in retaliation for having requested and taken a leave and otherwise exercised her rights under the FMLA, Plaintiff has incurred, and is now incurring, a loss of wages and benefits and will continue to incur such losses, in an amount to be proved at trial, but believed to exceed $75,000.  These losses include, without limitation, loss of business, lost wages, back pay from the effective date of termination, the loss of front pay as of the date of this complaint, and any interest on the amount thereon.

41.     Plaintiff is also entitled to recover liquidated damages pursuant to 29

U.S.C. § 2617(a)(1)(A)(iii) and applicable law.

## FIFTH CAUSE OF ACTION

**(Violation of FMLA [29 U.S.C. § 2615(a)] – Failure to Restore to Same or Equivalent Position)**

**[Against all Defendants]**

42.     As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

43.     Plaintiff is informed and believes, and on that basis alleges, that Defendants qualify as an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4), and that Plaintiff is an "eligible employee" as that term is defined in the FMLA, 29 U.S.C. § 2611(2).

44.     Plaintiff is informed and believes, and on that basis alleges, that there was an "entitlement to leave" as defined in the FMLA, 29 U.S.C. § 2612.

45.     Plaintiff is informed and believes, and on that basis alleges, that Plaintiff was entitled to restoration to her position as described in the FMLA, 29 U.S.C. § 2614, and that Plaintiff was denied restoration to the same or equivalent position as prescribed in FMLA.

46.     Plaintiff is informed and believes and on that basis alleges that Defendants are responsible under the FMLA, 29 U.S.C. § 2617(a).

47.     As the result of Defendants' failure to restore Plaintiff to her position or an equivalent position and denial of other rights under the FMLA, Plaintiff has incurred, and is now incurring, a loss of wages and benefits and will continue to incur such losses, in an amount to be proved at trial, but believed to exceed $75,000. These losses include, without limitation, loss of business, lost wages, back pay from the effective date of termination, the loss of front pay as of the date of this

1   complaint, and any interest on the amount thereon.

2          48.    Plaintiff is also entitled to recover liquidated damages pursuant to 29

3   U.S.C. § 2617(a)(1)(A)(iii) and applicable law.

4

5                          **SIXTH CAUSE OF ACTION**

6                          **(Disability Discrimination)**

7                   **[Against FSA and Does 11 through 20]**

8          49.    Plaintiff hereby incorporates by reference each and every allegation

9   contained in this complaint as though fully set forth herein.

10         50.    At all times herein mentioned, the Fair Employment and Housing Act

11  ("FEHA"), California Government Code section 12940(a), was in full force and

12  effect and binding on Defendants.  These statutes required FSA and Does 11

13  through 20 to refrain from discriminating and/or harassing against any employee

14  on the basis of a physical and/or mental disability, or perceived disability.

15         51.    Plaintiff suffered from a disability as defined by FEHA and as

16  discussed above.  Despite this, Plaintiff was able to perform the essential functions

17  of her employment position with Defendants both with and without reasonable

18  accommodation.

19         52.    Plaintiff's disabilities, and perceived disabilities, were a substantial

20  motivating reason in Defendants' decision to terminate, end Plaintiff's

21  employment and remove her from her position at the FBI and refusal to hire her

22  and assign her to new jobs and deny her employment with other entities.

23         53.    As a proximate result of the aforesaid acts of Defendants, and each of

24  them, Plaintiff has suffered loss of salary, wages and benefits, all in an amount

25  subject to proof at the time of trial, but not less than $75,000.

26         54.    As a proximate result of the wrongful acts of Defendants, and each of

27  them, Plaintiff has suffered and continues to suffer emotional distress, humiliation,

28  mental anguish and embarrassment, as well as the manifestation of physical

symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

55.     Plaintiff is entitled to recover attorneys' fees and costs under section 12965(b) of the California Government Code and other applicable law.

56.     The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff.  Defendants and each of them, and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to an award of punitive damages against each of said Defendants.

## SEVENTH CAUSE OF ACTION

### (Failure to Accommodate Disability in Violation of California Government Code § 12940(m))

### [Against FSA and Does 11 through 20]

57.     Plaintiff hereby incorporates by reference each and every allegation contained in this complaint as though fully set forth herein.

58.     At all times herein mentioned, California Government Code section 12940(m), was in full force and effect and binding on Defendants.  This statute affirmed Defendants' duty to make reasonable accommodations for the physical and/or mental disabilities of Plaintiff.  This statute further requires Defendants to engage in an interactive process to reach a reasonable accommodation for an employee's disability.

59.     Plaintiff alleges that Defendants failed to accommodate her disabilities.  Plaintiff further alleges that Defendants failed to engage in an

interactive process to reach an accommodation concerning Plaintiff's disabilities. Plaintiff believes and thereon alleges that her request to Defendants for an accommodation concerning her disabilities was a substantial motivating reason for Defendants' decision to terminate Plaintiff's employment.  Instead of accommodating Plaintiff, Defendants terminated the employment of Plaintiff.

60.    As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered loss of salary, wages, and benefits.

61.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

62.    Plaintiff is entitled to recover attorneys' fees and costs under section 12965(b) of the California Government Code and other applicable law.

63.    The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff.  Defendants and each of them, and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to an award of punitive damages against each of said Defendants.

**EIGHTH CAUSE OF ACTION**

**(Failure to Engage in the Interactive Process in Violation of California**

**Government Code § 12940(n))**

**[Against FSA and Does 11 through 20]**

64.     Plaintiff hereby incorporates by reference each and every allegation contained in this complaint as though fully set forth herein.

65.     At all times herein mentioned, California Government Code section 12940(n), was in full force and effect and binding on Defendants.  This statute required Defendants to engage in an interactive process in assessing an employee's physical and/or mental disability in order to provide an accommodation.  Section 12940(n) makes it an unlawful employment practice for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine the effective accommodations, if any, in response to a request for an accommodation by an employee with a disability.

66.     During her employment, Plaintiff suffered from disabilities which were known to Defendants.  Defendants, however, never engaged in any interactive process with Plaintiff.  Instead, Defendants terminated Plaintiff's employment.

67.     As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered loss of salary, wages, and benefits.

68.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

69.     Plaintiff is entitled to recover attorneys' fees and costs under section

1    12965(b) of the California Government Code and other applicable law.

2         70.    The acts taken toward Plaintiff were carried out by Defendants'

3    officers, directors, and/or managing agents acting in a despicable, oppressive,

4    fraudulent, malicious, deliberate, egregious, and inexcusable manner and in

5    conscious disregard for the rights and safety of Plaintiff.  Defendants and each of

6    them, and their agents/employees or supervisors, authorized, condoned and ratified

7    the unlawful conduct of each other.  Consequently, Plaintiff is entitled to an award

8    of punitive damages against each of said Defendants.

9

10   **<u>NINTH CAUSE OF ACTION</u>**

11   **(Failure to Restore to Same Position or Comparable Position in Violation of**

12   **California Government Code § 12945.2)**

13   **[Against FSA and Does 11 through 20]**

14        71.    Plaintiff hereby incorporates by reference each and every allegation

15   contained in this complaint as though fully set forth herein.

16        72.    Plaintiff requested and took a leave during her employment.

17        73.    At the end of her leave, FSA and Does 11 through 20 failed to restore

18   Plaintiff to her same position or a comparable position in violation of California

19   Gov. Code § 12945.2.

20        74.    As a proximate result of the aforesaid acts of Defendants, and each of

21   them, Plaintiff has suffered loss of salary, wages, and benefits, all in an amount

22   subject to proof at the time of trial.

23        75.    As a proximate result of the wrongful acts of Defendants, and each of

24   them, Plaintiff has suffered and continues to suffer emotional distress, humiliation,

25   mental anguish and embarrassment, as well as the manifestation of physical

26   symptoms.  Plaintiff is informed and believes and thereupon alleges that she will

27   continue to experience said physical and emotional suffering for a period in the

28   future not presently ascertainable, all in an amount subject to proof at the time of

1  trial.

2      76.     Plaintiff is entitled to recover attorneys' fees and costs under section

3  12965(b) of the California Government Code and other applicable law.

4  The acts taken toward Plaintiff were carried out by Defendants' officers, directors,

5  and/or managing agents acting in a despicable, oppressive, fraudulent, malicious,

6  deliberate, egregious, and inexcusable manner and in conscious disregard for the

7  rights and safety of Plaintiff.  Defendants and each of them, and their

8  agents/employees or supervisors, authorized, condoned and ratified the unlawful

9  conduct of each other.  Consequently, Plaintiff is entitled to an award of punitive

10  damages against each of said Defendants.

11

12                    **TENTH CAUSE OF ACTION**

13  **(Retaliation in Violation of California Government Code § 12945.2 and 2 Cal.**

14                    **Code Regs. § 11904)**

15              **[Against FSA and Does 11 through 20]**

16      77.     Plaintiff hereby incorporates by reference each and every allegation

17  contained in this complaint as though fully set forth herein.

18      78.     Plaintiff requested and took a leave during her employment.

19      79.     According to section 12945.2(l)(1) of the California Government Code,

20  "[i]t shall be an unlawful employment practice for an employer to refuse to hire, or

21  to discharge, fine, suspend, expel, or discriminate against, any individual because"

22  of an "individual's exercise of the right to family care and medical leave."

23      80.     At all relevant times herein, Defendants and each of them, retaliated

24  and discriminated against Plaintiff after she exercised her right to family care and

25  medical leave by terminating her employment.  Defendants' conduct as alleged

26  above constituted an unlawful retaliation and termination.

27      81.     As a proximate result of the aforesaid acts of Defendants, and each of

28  them, Plaintiff has suffered loss of salary, wages, and benefits, all in an amount

subject to proof at the time of trial.

82.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

83.     Plaintiff is entitled to recover attorneys' fees and costs under section 12965(b) of the California Government Code and other applicable law.

84.     The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff.  Defendants and each of them, and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to an award of punitive damages against each of said Defendants.

## ELEVENTH CAUSE OF ACTION

### (Retaliation in Violation of California Government Code § 12940 *et seq.*)

### [Against FSA and Does 11 through 20]

85.     Plaintiff hereby incorporates by reference each and every allegation contained in this complaint as though fully set forth herein.

86.     At all relevant times herein and in violation of sections 12940 *et seq.* of the California Government Code, Defendants and each of them, and/or their agents/employees, retaliated against Plaintiff by adversely affecting Plaintiff's employment after she notified Defendants of her disability, took a leave of absence for medical reasons and family care, requested accommodations and a leave of

absence, and/or opposed Defendants' discriminatory acts.  Defendants' conduct as alleged above constituted unlawful retaliation in employment on account of Plaintiff's protected activity and request for an accommodation in violation of section 12940(h) and (m) of the California Government Code.

87.    As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered loss of salary, wages, and benefits, all in an amount subject to proof at the time of trial.

88.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

89.    Plaintiff is entitled to recover attorneys' fees and costs under section 12965(b) of the California Government Code and other applicable law.

90.    The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff.  Defendants and each of them, and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to an award of punitive damages against each of said Defendants.

**TWELFTH CAUSE OF ACTION**

**(Failure to Prevent Discrimination in Violation of California Government Code**

**§ 12940(k))**

**[Against FSA and Does 11 through 20]**

91.     Plaintiff hereby incorporates by reference each and every allegation contained in this complaint as though fully set forth herein.

92.     At all times mentioned herein, sections 12940 *et seq.* of the California Government Code, including but not limited to sections 12940(k), were in full force and effect and were binding upon Defendants and each of them.  These sections impose on an employer a duty to take immediate and appropriate corrective action to end discrimination and take all reasonable steps necessary to prevent discrimination from occurring, among other things.

93.     Defendants failed to take immediate and appropriate corrective action to end the discrimination.  Defendants also failed to take all reasonable steps necessary to prevent the discrimination from occurring.

94.     In failing and/or refusing to take immediate and appropriate corrective action to end the discrimination and in failing and/or refusing to take all reasonable steps necessary to prevent discrimination from occurring, Defendants violated California law, causing Plaintiff to suffer damages as set forth above.

95.     As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered loss of salary, wages, and benefits, all in an amount subject to proof at the time of trial.

96.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of

1 | trial.

2 |       97.    Plaintiff is entitled to recover attorneys' fees and costs under section

3 | 12965(b) of the California Government Code and other applicable law.

4 |       98.    The acts taken toward Plaintiff were carried out by Defendants'

5 | officers, directors, and/or managing agents acting in a despicable, oppressive,

6 | fraudulent, malicious, deliberate, egregious, and inexcusable manner and in

7 | conscious disregard for the rights and safety of Plaintiff.  Defendants and each of

8 | them, and their agents/employees or supervisors, authorized, condoned and ratified

9 | the unlawful conduct of each other.  Consequently, Plaintiff is entitled to an award

10 | of punitive damages against each of said Defendants.

## THIRTEENTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

### [Against FSA and Does 11 through 20]

15 |       99.    Plaintiff hereby incorporates by reference each and every allegation

16 | contained in this complaint as though fully set forth herein.

17 |      100.   At all relevant times mentioned herein, there existed an employer-

18 | employee relationship between Plaintiff and Defendants.

19 |      101.   Plaintiff is informed and believes, and based thereon alleges, that

20 | Defendants wrongfully terminated and engaged in adverse employment actions

21 | against Plaintiff because, among other things, she was and/or was perceived to be

22 | disabled; took a protected medical leave; requested an accommodation, and/or took

23 | other lawfully protected action as alleged above.

24 |      102.   At all times mentioned, the public policy of the State of California, as

25 | codified, expressed and mandated in California Government Code sections 12940

26 | *et seq.* and 12945.2 *et seq.* and pertinent regulations (including 2 Cal. Code Regs. §

27 | 11094) is to prohibit employers from discriminating, terminating, harassing and

28 | retaliating against any individual on the basis of a disability or perceived disability,

making requests for reasonable accommodations, requesting and/or taking a leave of absence, and/or complaining about discrimination.  This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.  Accordingly, the actions of Defendants, and each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in California Government Code sections 12940 *et seq.*, and the laws and regulations promulgated thereunder (including 2 Cal. Code Regs. § 11094).

103.   As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered loss of salary, wages, and benefits, all in an amount subject to proof at the time of trial.

104.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

105.   The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff.  Defendants and each of them, and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to an award of punitive damages against each of said Defendants.

## **FOURTEENTH CAUSE OF ACTION**

### **(Declaratory Relief)**

### **[Against FSA and Does 11 through 20]**

106.   Plaintiff hereby incorporates by reference each and every allegation contained in this complaint as though fully set forth herein.

107.   California Government Code section 12920 sets forth the public policy of the State of California as follows:

> It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status.

> It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.

> Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.

It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.

This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

108.   California Government Code section 12920.5 embodies the intent of the California legislature and states:

> In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

109.   Moreover, California Government Code section1 2921, subdivision (a) says in pertinent part:

> The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status is hereby recognized as and declared to be a civil right.

110.   An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties as it is believed that Defendants may allege that Plaintiff's treatment was based on a non-discriminatory, legitimate reason and Plaintiff's disabilities, protected activities, perceived disabilities, leaves of absence, and requests for accommodations were not a substantial motivating reason for the decision to adversely affect her employment.  Plaintiff is informed and believes, and on that basis alleges, that Defendants shall dispute Plaintiff's contention and shall assert its reason was non-discriminatory and legitimate.

111.   Pursuant to Code of Civil Procedure section 1060 and other applicable law, Plaintiff desires a judicial determination of her rights and duties, and a declaration that her disabilities, protected activities, perceived disabilities, requests for accommodations, and leaves of absence were a substantial motivating factor in the decision to terminate her.

112.   A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff, for herself and on behalf of employees of the State of California and in conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of Defendants and to condemn such discriminatory employment policies or practices.  *See Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

113.   A judicial declaration is necessary and appropriate at this time such that Defendants may also be aware of its obligations under the law to not engage in discriminatory practices and violate the law.

114.   California Government Code section 12965(b) provides that an aggrieved party, such as the Plaintiff herein, may be awarded reasonable attorney's fees and costs.  "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorney's fees and costs, including expert witness fees."  Such fees and costs

1    expended by an aggrieved party may be awarded for the purpose redressing,

2    preventing, or deterring discrimination.

3

4                      **<u>PRAYER FOR RELIEF</u>**

5       Wherefore, Plaintiff prays for judgment as follows:

6       1.      For lost wages, lost employment benefits, bonuses, overtime, vacation

7    benefits, medical bills, mental and emotional distress, and other special and general

8    damages according to proof;

9       2.      For compensatory and general damages in an amount to be determined

10    at trial;

11       3.      For special damages in an amount to be proven;

12       4.      For injunctive relief to prevent continuing and future violations;

13       5.      For an award of interest, including pre-judgment interest, at the legal

14    rate;

15       6.      For reasonable attorneys' fees pursuant to statute including section

16    12965 of the California Government Code, and/or other applicable;

17       7.      For costs of suit incurred herein;

18       8.      For punitive and exemplary damages as FSA and Does 11 through 20;

19    and

20       9.      For such other and further relief as this court may deem just and proper.

21

22

23    Dated: July 21, 2017                HURWITZ, ORIHUELA & HAYES, LLP

24

25

26                      By: _____

27                          Nicolas Orihuela

28                          Attorneys for Plaintiff Angela Rausch

# **DEMAND FOR JURY TRIAL**

Plaintiff Angela Rausch hereby demands a jury trial for the above referenced matter on all issues so triable.

Dated: July 21, 2017                    HURWITZ, ORIHUELA & HAYES, LLP

By: _____

Nicolas Orihuela
Attorneys for Plaintiff Angela Rausch